CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/2/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:11-CR-00031 |
| | ) | |
| v. | ) | |
| | ) | |
| ANJAY PATEL, | ) | By:  Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on a motion filed by petitioner Anjay Patel under Rule 60(b) of the Federal Rules of Civil Procedure relating to his dismissed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because Patel's motion does not challenge the prior ruling on his § 2255 petition, but rather claims he is actually innocent of the offenses to which he pled guilty, his Rule 60(b) motion must be dismissed as a second or successive petition requiring an order from the court of appeals authorizing the district court to consider the motion. As such, Patel's Rule 60(b) motion is **DISMISSED** without prejudice.

Anjay Patel and others were named in a multi-count indictment charging conspiracy to distribute contraband cigarettes, money laundering and related charges. On February 13, 2013, Patel pled guilty to Counts 1, 2, 56, 133, 156 and 169 of the indictment charging conspiracy to distribute contraband cigarettes, conspiracy to commit money laundering, trafficking in contraband cigarettes, money laundering to promote distribution of contraband cigarettes, money laundering related to the proceeds from the sale of contraband cigarettes and controlled substances and engaging in a monetary transaction in criminally derived funds greater than

$10,000. Plea Agreement, ECF No. 490. On August 14, 2013, Patel was sentenced to 84 months in prison. Minute Entry, ECF No. 625, Judgment, ECF No. 654.

Beginning in 2017, Patel has challenged his conviction by means of a § 2255 motion. The court addressed Patel's motion in two memorandum opinions. On December 13, 2018, the court denied Patel's claim under the Sixth Amendment asserting that the court's 2013 ruling denying release of forfeited substitute assets to pay his retained counsel was undone by the 2016 Supreme Court decision in Luis v. United States, 136 U.S. 1083 (2016). Memorandum Opinion, ECF No. 899. Patel also challenged his conviction, asserting a discovery violation under Brady v. Maryland, 373 U.S. 83 (1963), because the government withheld discovery of a 2013 Office of Inspector General (OIG) Report. The court dismissed Patel's Brady claim, as pleaded, as untimely, but granted him leave to amend to raise a Brady violation, if any, beyond those he could have asserted based on the 2013 OIG Report.

The court addressed Patel's amended Brady claim in a memorandum opinion entered on June 4, 2019. In that opinion, the court concluded "while Patel had a credible claim that the 2013 OIG Report and the underlying investigation should have been subject to Brady disclosure during his prosecution and before he entered his guilty plea and was sentenced, he waited too long to bring it. . . . Because Patel's Amended Petition raises no plausible claim of a Brady violation transcending the information contained in the 2013 OIG Report, it must be **DISMISSED** as untimely." Memorandum Opinion, ECF No. 918, at 10.

Patel appealed the court's dismissal of his § 2255 motion and denial of certificate of appealability. The Fourth Circuit Court of Appeals dismissed the appeal by unpublished per curiam opinion on May 20, 2020. ECF No. 932.

In the meantime, on August 2, 2019, Patel filed a motion under Rule 60(b) seeking relief from the district court's ruling that his petition was untimely on the grounds that he was actually innocent of the contraband cigarette charges to which he pled guilty and was convicted. In his motion, Patel argues that "[t]he cigarettes in Patel's case either fall outside the definition of contraband cigarettes or within the exceptions set out in the statute. . . . Because Patel's case did not include any contraband cigarettes, he is innocent of the charges to which he was forced to plead guilty." Petitioner's Rule 60(b) Motion, ECF No. 923, at 9.

A federal district court may consider a second or successive § 2255 motion only upon a specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Under § 2255(h), such a certification requires a panel of the court of appeals to find the existence of "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

There is no suggestion on the record that Patel has obtained certification to proceed on a successive § 2255 petition from the Fourth Circuit, Instead, he argues that he need not obtain such certification because his motion, brought under Rule 60(b)(6), challenges "not the

3

substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

That is simply not the case. Rather than suggest some procedural error in the court's assessment of the Sixth Amendment or Brady claims raised in his original § 2255 petition, Patel attacks the core of his prosecution, claiming that none of the cigarettes involved in his case met the definition of contraband cigarettes, citing United States v. Hasan, 718 F.3d 338 (4th Cir. 2013). In Hasan, the Fourth Circuit stated:

> By its plain terms, the statute does not define contraband cigarettes by reference to the manner in which the cigarettes are sold. Rather, when the cigarettes are *possessed* without evidence of payment of taxes, they are contraband *per se*. In other words, contraband cigarettes are inherently unlawful, i.e., "unlawful goods." Contraband cigarettes could never be sold lawfully because it is possession of the defined item itself that violates the CCTA.

Id. at 346 (emphasis in original). Patel argues that because the cigarettes found in his case were located in South Carolina, which does not require tax stamps to be affixed to cigarettes, or were otherwise exempt from the stamping requirement, he is actually innocent of the charges to which he claims he was "forced to plead guilty." Petitioner's Rule 60(b) Motion, ECF No. 923, at 9. The issues raised in Patel's Rule 60(b) motion bear no relation to the issues raised in his initial § 2255 motion. As such, they are not properly the subject of a Rule 60(b) motion challenging the integrity of his prior habeas proceeding, and may only be raised by means of a successive § 2255 motion certified by the Fourth Circuit.

Accordingly, the court concludes that Patel's motion is a successive one under § 2255(h) which this court cannot consider absent certification by the United States Court of

4

Appeals for the Fourth Circuit. As there is no evidence that this certification has been obtained, the court is required to dismiss Patel's motion without prejudice as successive.

The Clerk is directed to docket this memorandum opinion and mail a copy to pro se petitioner Anjay Patel.

An appropriate order will be entered.

Entered: September 1, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.01 14:59:22 -04'00'

Michael F. Urbanski
Chief United States District Judge