# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:11-CR-00031 |
| | ) | |
| v. | ) | |
| | ) | |
| ANJAY PATEL, | ) | By:  Michael F. Urbanski |
|     Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on a Petition for Writ of Error Coram Nobis filed by petitioner Anjay Patel. Petition, ECF No. 941. Patel challenges his 2013 guilty plea and conviction on conspiracy to traffic in contraband cigarettes, conspiracy to commit money laundering and related offenses. Patel's petition asserts that his counsel was constitutionally ineffective by not advising him that he was actually innocent of the cigarette trafficking and money laundering charges because South Carolina law did not require cigarette packages to display tax stamps.[1]

Anjay Patel and others were named in a multi-count indictment charging conspiracy to distribute contraband cigarettes, money laundering and related charges. On February 13, 2013, Patel pled guilty to Counts 1, 2, 56, 133, 156 and 169 of the indictment charging conspiracy to distribute contraband cigarettes, conspiracy to commit money laundering, trafficking in

---

[1] Patel argues that "[b]ecause South Carolina does not require a tax stamp, Petitioner's possession and sale of un-stamped cigarettes in South Carolina did not constitute a violation of the CCTA [Contraband Cigarette Trafficking Act, 18 U.S.C. 2341] and any use of the funds derived therefrom could not be considered money laundering." Petition, ECF No. 941, at 5.

1

contraband cigarettes, money laundering to promote distribution of contraband cigarettes, money laundering related to the proceeds from the sale of contraband cigarettes and controlled substances, and engaging in a monetary transaction in criminally derived funds greater than $10,000. Plea Agreement, ECF No. 490. Patel's written plea agreement stated that "I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises." Plea Agreement, ECF No. 490, at 3. At his guilty plea hearing, Patel stated under oath that "I got cigarettes from Virginia and sold them in South Carolina, without paying any state taxes on them." Plea Hr'g Tr., ECF No. 519, at 55. On August 14, 2013, Patel was sentenced to 84 months in prison. Minute Entry, ECF No. 625, Judgment, ECF No. 654. Patel waived his right to appeal in his Plea Agreement, and did not file a direct appeal.

In 2017, Patel challenged his conviction by means of a motion filed pursuant to 28 U.S.C. § 2255. Motion to Vacate, ECF No. 871. The court addressed Patel's § 2255 motion in two memorandum opinions. On December 13, 2018, the court denied Patel's claim under the Sixth Amendment, which asserted that the court's 2013 ruling denying release of forfeited substitute assets to pay his retained counsel was undermined by the 2016 Supreme Court decision in Luis v. United States, 136 U.S. 1083 (2016). Mem. Op, ECF No. 899. Patel also raised a discovery violation under Brady v. Maryland, 373 U.S. 83 (1963), alleging that the government withheld discovery of a 2013 Office of Inspector General (OIG) Report regarding undercover misdeeds of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The court dismissed Patel's Brady claim as untimely, but granted him leave to amend to raise a Brady violation, if any, beyond those he could have asserted based on the 2013 OIG Report.

The court addressed Patel's amended Brady claim in a memorandum opinion entered on June 4, 2019. Mem. Op., ECF No. 918. In that opinion, the court concluded "while Patel had a credible claim that the 2013 OIG Report and the underlying investigation should have been subject to Brady disclosure during his prosecution and before he entered his guilty plea and was sentenced, he waited too long to bring it. . . . Because Patel's Amended Petition raises no plausible claim of a Brady violation transcending the information contained in the 2013 OIG Report, it must be **DISMISSED** as untimely." Id. at 10.

Patel appealed the court's dismissal of his § 2255 motion and denial of certificate of appealability. The Fourth Circuit Court of Appeals dismissed the appeal by unpublished per curiam opinion on May 20, 2020. Mem. Op., ECF No. 932.

In the meantime, on August 2, 2019, Patel filed a motion under Rule 60(b) seeking relief from the district court's ruling that his petition was untimely on the grounds that he was actually innocent of the contraband cigarette charges to which he pled guilty and was convicted. In his motion, Patel argues that "[t]he cigarettes in Patel's case either fall outside the definition of contraband cigarettes or within the exceptions set out in the statute. . . . Because Patel's case did not include any contraband cigarettes, he is innocent of the charges to which he was forced to plead guilty." Rule 60(b) Mot., ECF No. 923, at 9. On September 2, 2020, the court dismissed Patel's Rule 60(b) motion without prejudice as a successive § 2255 motion which lacked certification from the Fourth Circuit Court of Appeals. The court's opinion stated:

> Patel attacks the core of his prosecution, claiming that none of the cigarettes involved in his case met the definition of contraband cigarettes, citing United States v. Hasan, 718 F.3d 338 (4th Cir. 2013). In Hasan, the Fourth Circuit stated:

3

> By its plain terms, the statute does not define contraband cigarettes by reference to the manner in which the cigarettes are sold. Rather, when the cigarettes are *possessed* without evidence of payment of taxes, they are contraband *per se*. In other words, contraband cigarettes are inherently unlawful, i.e., "unlawful goods." Contraband cigarettes could never be sold lawfully because it is possession of the defined item itself that violates the CCTA.
>
> Id. at 346 (emphasis in original). Patel argues that because the cigarettes found in his case were located in South Carolina, which does not require tax stamps to be affixed to cigarettes, or were otherwise exempt from the stamping requirement, he is actually innocent of the charges to which he claims he was "forced to plead guilty." Petitioner's Rule 60(b) Motion, ECF No. 923, at 9. The issues raised in Patel's Rule 60(b) motion bear no relation to the issues raised in his initial § 2255 motion. As such, they are not properly the subject of a Rule 60(b) motion challenging the integrity of his prior habeas proceeding, and may only be raised by means of a successive § 2255 motion certified by the Fourth Circuit.
>
> Accordingly, the court concludes that Patel's motion is a successive one under § 2255(h) which this court cannot consider absent certification by the United States Court of Appeals for the Fourth Circuit. As there is no evidence that this certification has been obtained, the court is required to dismiss Patel's motion without prejudice as successive.

Mem. Op., ECF No. 935, at 4-5.

Less than two months later, Patel filed the instant coram nobis petition, raising the same actual innocence claim and as well asserting that his counsel was ineffective for not noting that South Carolina law did not require cigarettes sold there to bear tax stamps. Patel's untimely argument fares no better cast as a coram nobis petition than it did as a Rule 60(b) motion.

The authority of a federal court to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 556 U.S. 904,

4

911 (2009) (quoting the All Writs Act, 28 U.S.C. § 1651). The Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr. v. United States Marshal Serv., 474 U.S. 34, 43 (1985).

A writ of error coram nobis is a remedy of last resort, available "only where an error is 'of the most fundamental character' and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). In order to obtain such relief, a defendant must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. (internal quotation marks omitted) (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

Patel fails to meet three of the four requirements for coram nobis relief. First, Patel had the usual remedy of a § 2255 petition available to him, but he failed to raise in his earlier § 2255 petition the South Carolina tax stamp issue he presses now. Although he was not successful on his § 2255 petition, that remedy was available to Patel. See In re Vial, 115 F.3d 1192, at 1194 n.5 (4th Cir. 1997) (stating that the remedy under § 2255 is not unavailable simply because petitioner has previously filed and failed to obtain relief under § 2255). This limitation was recognized by the Supreme Court in Denedo, where the Court stated "[a]nother limit, of course, is that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus are available." 556 U.S. at 911.

5

Second, Patel provides no reason why he could not have raised the South Carolina tax stamp issue in the § 2255 motion he filed in 2017. Patel blames his counsel for not recognizing the significance of the distinction between "untaxed" and "unstamped" cigarettes noted in footnote 2 of the Fourth Circuit's decision in Hasan, but he provides no reason as to why he did not raise this claim until he filed his Rule 60(b) motion in 2019. This is particularly true as Hasan was decided in 2013, some four years before Patel filed his § 2255 motion. As the Fourth Circuit held in Akinsade,

> [I]n addition to showing a fundamental defect is at issue that casts doubt on the validity of the conviction and that there is no other remedy available, a *coram nobis* petitioner must also show that he exercised diligence in seeking the extraordinary writ. See Klein v. United States, 880 F. 2d 250, 253 (10th Cir. 1989). That is, the petitioner must establish that there were "sound reasons" for "fail[ing] to seek appropriate earlier relief."

686 F.3d at 261 (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)). As such, Patel fails to meet the first two requirements for coram nobis relief.

Nor is Patel able to demonstrate that the error he raises is so fundamental that the extreme remedy of coram nobis is required. As the Fourth Circuit noted in Bereano v. United States, 706 F.3d 568, 576-77 (4th Cir. 2013),

> [The fundamental] terminology derives from a Supreme Court decision of long standing, where the Court emphasized that an error "of the most fundamental character" is one that has "rendered the proceeding itself irregular and invalid." United States v. Mayer, 235 U.S. 55, 69 (1914). More recently, the Court explained the circumscribed use of coram nobis when it directed that "judgment finality is not to be lightly cast aside; and courts must be cautious so that the extreme remedy of coram nobis issues only in extreme cases." Denedo, 556 U.S. at 916.

Patel pled guilty pursuant to a written plea agreement which stated that he was in fact guilty and stated in open court that he was guilty because he "got cigarettes from Virginia and sold

6

them in South Carolina, without paying any state taxes on them." Plea Hr'g Tr., ECF No. 519, at 55. Patel has made no showing that his plea agreement and guilty plea proceeding were either irregular or invalid. "When a defendant seeks to vacate a guilty-plea conviction by way of coram nobis, great caution is warranted." United States v. George, 676 F.3d 249, 257 (1st Cir. 2012). "This is because 'words have meaning,' and an error of the most fundamental character–as must be found before coram nobis relief can be granted–must, at a minimum, amount to 'more than a factual insufficiency that the petitioner's voluntary decisions may have caused.'" Reed, 2016 U.S. Dist. LEXIS 83445, at *16 (quoting George, 676 F. 3d at 258).

Patel's claims of actual innocence and ineffective assistance of counsel are of the type properly raised through a § 2255 motion. See States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (claim of ineffective assistance of counsel should be raised in a § 2255 motion). Because coram nobis relief is unavailable "where a defendant seeks to assert claims that were, or that could have been, raised through a § 2255 motion," Patel is barred from subsequent relief under the extreme coram nobis remedy. Reed, 2016 U.S. Dist. LEXIS 83445 at *12 (citing Akinsade, 686 F.3d at 252); accord Griffin v. United States, No. 2:17-cv-495, 2018 U.S. Dist. LEXIS 228395 (E.D. Va. Oct. 25, 2018) (Report and Recommendation), aff'd, 2019 U.S. Dist. LEXIS 165999 (E.D. Va. Sept. 26, 2019).

Finally, Patel is not automatically entitled to coram nobis relief merely because he is no longer in custody. If that were the case, every criminal defendant would be able to circumvent the prohibition on second or successive § 2255 petitions by challenging his conviction once while in custody and again immediately upon completing his sentence. See Bernardi v. United States, 171 F. App'x 387, 389 (3d Cir. 2006) (per curiam) (unpublished) (stating that a

7

defendant is not entitled to coram nobis relief "merely because he has previously suffered an adverse decision in a § 2255 proceeding, has been unsuccessful in his numerous endeavors to obtain authorization to file a second or successive § 2255 motion, and is now no longer in custody for purposes of § 2255"). Coram nobis relief is rarely granted and is generally unavailable where a defendant seeks to assert claims that were, or that could have been, raised through a § 2255 motion. See Akinsade, 686 F.3d at 252. The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle, 517 U.S. at 429 (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

In sum, Patel has not met the requirements for the extreme remedy of coram nobis, and his petition must be denied. An appropriate order will be entered.

Entered: April 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.01 15:32:55 -04'00'

Michael F. Urbanski
Chief United States District Judge