IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:11-CR-00031 |
| | ) | |
| v. | ) | |
| | ) | |
| ANJAY PATEL, | ) | By: Michael F. Urbanski |
|     Petitioner | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on Petitioner Anjay Patel's Motion to Reconsider Order Denying Petition for Writ of Error Coram Nobis, ECF No. 955, and Petitioner's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 956. Patel is represented by counsel on the first motion and filed the second motion pro se. The ultimate relief sought in both motions is the same: Patel wants the court to consider on the merits his assertion that he is actually innocent of contraband cigarette trafficking. As explained below, this court does not have jurisdiction to consider this claim because Patel has not sought certification from the Fourth Circuit Court of Appeals to bring a second or successive § 2255 petition.

## I. Background

Anjay Patel and others were named in a multi-count indictment charging conspiracy to distribute contraband cigarettes, money laundering, and related charges. On February 13, 2013, Patel pled guilty to Counts 1, 2, 56, 133, 156, and 169 of the indictment charging conspiracy to distribute contraband cigarettes, conspiracy to commit money laundering, trafficking in contraband cigarettes, money laundering to promote distribution of contraband cigarettes,

1

money laundering related to the proceeds from the sale of contraband cigarettes and controlled substances, and engaging in a monetary transaction in criminally derived funds greater than $10,000. Plea Agreement, ECF No. 490. Patel's written plea agreement stated that "I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises." Plea Agreement, ECF No. 490, at 3. At his guilty plea hearing, Patel stated under oath that "I got cigarettes from Virginia and sold them in South Carolina, without paying any state taxes on them." Plea Hr'g Tr., ECF No. 519, at 55. On August 14, 2013, Patel was sentenced to 84 months in prison. In addition, he was ordered to pay restitution jointly and severally with his codefendants in the amount of $2,600,000. Minute Entry, ECF No. 625, Judgment, ECF No. 654. On August 29, 2013, the court entered an amended preliminary order of forfeiture against Patel in the amount of $400,000. Order of Forfeiture, ECF No. 653. Patel waived his right to appeal in his Plea Agreement and did not file a direct appeal.

In 2017, Patel challenged his conviction by means of a motion filed pursuant to 28 U.S.C. § 2255. Motion to Vacate, ECF No. 871. The court addressed Patel's § 2255 motion in two memorandum opinions. In the first opinion, entered on December 13, 2018, the court denied on the merits Patel's claim under the Sixth Amendment, which asserted that the court's 2013 ruling denying release of forfeited substitute assets to pay his retained counsel was undermined by the 2016 Supreme Court decision in Luis v. United States, 136 U.S. 1083 (2016). Mem. Op, ECF No. 899. Patel also raised a discovery violation under Brady v. Maryland, 373 U.S. 83 (1963), alleging that the government withheld discovery of a 2013 Office of Inspector General (OIG) Report regarding undercover misdeeds of the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF"). The court dismissed Patel's Brady claim as untimely but granted him leave to amend to raise a Brady violation, if any, beyond those he could have asserted based on the 2013 OIG Report.

The court addressed Patel's amended Brady claim in a second memorandum opinion entered on June 4, 2019. Mem. Op., ECF No. 918. In that opinion, the court concluded "while Patel had a credible claim that the 2013 OIG Report and the underlying investigation should have been subject to Brady disclosure during his prosecution and before he entered his guilty plea and was sentenced, he waited too long to bring it. . . . Because Patel's Amended Petition raises no plausible claim of a Brady violation transcending the information contained in the 2013 OIG Report, it must be **DISMISSED** as untimely." Id. at 10.

Patel appealed the court's dismissal of his § 2255 motion and denial of certificate of appealability. The Fourth Circuit Court of Appeals dismissed the appeal by unpublished per curiam opinion on May 20, 2020. Mem. Op., ECF No. 932.

In the meantime, on August 2, 2019, Patel filed a motion under Rule 60(b) seeking relief from the district court's ruling that his petition was untimely on the grounds that he was actually innocent of the contraband cigarette charges to which he pled guilty and was convicted. In his motion, Patel argued that "[t]he cigarettes in Patel's case either fall outside the definition of contraband cigarettes or within the exceptions set out in the statute. . . . Because Patel's case did not include any contraband cigarettes, he is innocent of the charges to which he was forced to plead guilty." Rule 60(b) Mot., ECF No. 923, at 9.

The court found that Patel was attacking the core of his prosecution, because he was seeking to establish actual innocence of the charges based on United States v. Hasan, 718 F.3d 338 (4th Cir. 2013). In Hasan, the Fourth Circuit stated:

> By its plain terms, the statute does not define contraband cigarettes by reference to the manner in which the cigarettes are sold. Rather, when the cigarettes are *possessed* without evidence of payment of taxes, they are contraband *per se*. In other words, contraband cigarettes are inherently unlawful, i.e., "unlawful goods." Contraband cigarettes could never be sold lawfully because it is possession of the defined item itself that violates the CCTA.

Id. at 346 (emphasis in original). The court concluded that because Patel was making an actual innocence argument, his motion was successive under § 2255(h) and the court could not consider it absent certification by the United States Court of Appeals for the Fourth Circuit. Patel had not obtained the certification and the court therefore dismissed his petition as successive. Mem. Op., ECF No. 935, at 4-5.

Patel next filed a petition for coram nobis relief. ECF No. 941. The district court found that Patel was not entitled to relief because he could not satisfy three of the four requirements for obtaining coram nobis relief. To prevail on a writ of error coram nobis, a petitioner must show that "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.3d 591, 604 (9th Cir. 1987)). The court explained that when Patel filed his earlier motion to vacate under 28 U.S.C. § 2255 he failed to raise his actual innocence claim. Although Patel was not successful on his § 2255 petition, that remedy was available to him.

4

See In re Vial, 115 F.3d 1192, 1194 n.5 (stating that the remedy under § 2255 is not unavailable simply because petitioner has previously filed and failed to obtain relief under § 2255). The court also found that the late timing of Patel's actual innocence claim was not compelling as Hasan, the case upon which he relied for his actual innocence argument, was decided even before Patel was sentenced. Thus, not only were arguments based on Hasan available to Patel before he filed his earlier § 2255 petition, those arguments were available to him before judgment was entered.[1] Finally, the court found that the error he raised was not so fundamental that the extreme remedy of coram nobis was warranted. Mem. Op., ECF No. 953 at 5-7.

Patel now seeks reconsideration of the order denying coram nobis and also seeks reconsideration of the September 2, 2020 denial of the Rulr 60(b) motion he filed on August 2, 2019.

## II. Reconsideration of Coram Nobis Relief

Patel is not entitled to coram nobis relief for all the reasons set forth in the court's memorandum opinion and order issued on April 5, 2021. ECF No. 953. In the pending motion to reconsider, Patel argues that he was unaware of his actual innocence claim because of "mis-advice" of counsel. To the extent Patel is raising an ineffective assistance of counsel claim based on his trial counsel's failure to raise Hasan to the court between trial and sentencing, any claim he might have is both time-barred under 28 U.S.C. § 2255(f) and second or successive under 28 U.S.C. § 2244(b)(2). If he is arguing that ignorance of the law provides a

---

[1] The Fourth Circuit decided Hasan on June 6, 2013, between Patel's guilty plea on February 3, 2013 and his sentencing on August 14, 2013.

valid reason for not attacking his conviction sooner via the coram nobis petition, he has pointed to no authority in support of his contention, and none was found. To the contrary, ignorance of the law is not a valid reason for delay in filing a writ of coram nobis. Anderson v. United States, No. WMN-14-3880, 2015 WL 13022280, at *1 (D. Md. March 12, 2015); Peoples v. United States, No. L-10-212, 2010 WL 1375143,a t *3 (D. Md. March 31, 2010); see also Herrera v. Clarke, No. 1:19cv1301, 2021 WL 1619340, at *6 (E.D. Va. April 22, 2021) (ignorance of the law is not a basis for equitable tolling of statute of limitations). Hasan was decided in 2013 and Patel has not presented a valid reason for waiting until 2020 to raise his actual innocence claim via the coram nobis petition.

Patel also asks the court to make a finding that he is actually innocent of the charges to which he pled guilty. However, this court is without jurisdiction to reach that question, as the court explained in the memorandum opinion it issued on September 2, 2020. ECF No. 935. The court found at that time that Patel's claim of actual innocence was successive as he could have brought it when he filed his first § 2255 petition but failed to do so. If he wishes the actual innocence claim to be considered by the court, he must first seek certification from the Fourth Circuit Court of Appeals to bring a second or successive motion. See Holloway v. United States, No. ELH-09-0362, 2019 WL 6341342, at *1 (D. Md. Nov. 27, 2019) (citing 28 U.S.C. § 2255(h) ("[E]ven if there were merit to Petitioner's claim, Congress has expressly stated that a successive § 2255 petition cannot be heard without certification from the appropriate appellate court."); and United States v. Fuentes, No. 3:03CR114-HEH, 2016 WL 8261705 (E.D. Va. March 10, 2016) (denying successive § 2255 motion alleging actual innocence where court had not received authorization from the Fourth Circuit Court of

6

Appeals to hear successive motion). Because Patel has not sought and received certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion, this court is without jurisdiction to consider it.

### III. Reconsideration of Denial of Earlier Rule 60(b) Motion

In Patel's pro se motion, he asks the court to reconsider the order it issued on September 2, 2020, denying the Rule 60(b) motion he filed on August 2, 2019. ECF Nos. 923, 935. As set forth above, Patel filed his first § 2255 motion on March 30, 2017. ECF No. 871. The court dismissed one claim on the merits and granted Patel leave to amend a second claim to raise Brady violations. ECF No. 899, 900. Patel filed an amended § 2255 motion on February 25, 2019 and the court dismissed it as untimely on June 4, 2019. ECF Nos. 907, 918, 919. In the meantime, Patel also appealed the dismissal of the first claim but later withdrew the appeal. ECF No. 920, 921. Patel appealed the second dismissal to the Fourth Circuit, which affirmed the dismissal on May 20, 2020. ECF Nos. 932, 933, 934.

After the first § 2255 claim was denied, and after Patel withdrew the appeal, he filed a motion for relief under Rule 60(b)(6) asserting that the § 2255 claim should not have been dismissed as untimely. He asserted that he was not attacking the substance of the court's resolution of his claims on the merits because, as he acknowledged, such an attack would be considered second or successive. Rather, he claimed that because he was actually innocent of the charges brought against him, he could overcome the procedural bar that his § 2255 motion was untimely. ECF No. 923. Notably, Patel first asserted his claim of actual innocence in the Rule 60(b) motion. He had not asserted a claim for actual innocence in his initial § 2255 motion. Patel explained that "the delay in raising innocence as a way to avoid the effect of the

statute of limitations is unintentional. Patel became aware of the legal basis for his innocence while preparing for the appeal in this case." Mot., ECF No. 923 at 4, n.3.

The court addressed Patel's Rule 60(b)(6) motion in a memorandum opinion issued on September 2, 2020. ECF No. 935. The court construed the Rule 60(b)(6) motion as a second or successive petition for relief and found that Patel had not received certification from the Fourth Circuit to file a second or successive motion. Regarding Patel's argument that he was not attacking substance of the court's previous resolution of his claim on the merits, the court found that his assertion was belied by his claim that under Hasan, he was actually innocent of the charges. The court found that the issues raised in the Rule 60(b) motion bore no relation to the issues raised in his initial § 2255 motion and could only be raised in a successive § 2255 motion after obtaining certification from the Fourth Circuit Court of Appeals.

In his second motion for reconsideration now pending before the court, Patel makes three arguments: (1) Because his first § 2255 petition was not addressed on the merits, any subsequent § 2255 petition cannot be second or successive; (2) Under Gonzalez v. Crosby, 545 U.S. 524 (2005), the court should not have construed his prior motion for reconsideration as a second or successive petition; (3) His claim of actual innocence can overcome the fact that his § 2255 petition was untimely and successive.

### A. Effect of Dismissal on Timeliness

Patel argues that the district court dismissed his first § 2255 motion and his amended petition without prejudice and prior to reaching the claims on the merits. Therefore, he argues, his Rule 60(b) motion, construed by the court as a § 2255 motion, was not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the

district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition.") However, the court did not dismiss his § 2255 motion and amended motion without prejudice. Rather, the orders make no mention of whether the dismissal was with prejudice or without prejudice. See ECF Nos. 899 at 20 and 918 at 10.[2] Unless a dismissal order states otherwise, a dismissal for any reason except lack of jurisdiction, improper venue, or failure to join a party operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Moreover, the claims in the first § 2255 petition were dismissed either on the merits or as untimely and it is well-established that dismissal of a claim as untimely filed under the applicable statute of limitations is a disposition on the merits. In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003); Ferebee v. Clarke, No. 1:19cv1483, 2020 WL 7634582, at *2 (E.D. Va. Dec. 21, 2020); Stapleton v. United States, 392 F.Supp.2d 754, 756-57 (W.D. Va. 2005). Therefore, the dismissal of the subsequent § 2255 as second or successive was not error even though the first § 2255 motion was dismissed in part as untimely.

### B. Rule 60(b) and Subsequent Habeas Petition

Federal Rule of Civil Procedure 60(b)(6) provides that a court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief, as long as the reason is not one of the enumerated reasons set out in Rule 60(b)(1)–(5).[3] However, Rule 60(b) motions for reconsideration are read in conjunction with the rules regarding second or

---

[2] The court did allow Patel to file an amended motion on the Brady claim, but ultimately dismissed it as untimely.
[3] Those reasons include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, that the judgment is void, or has been satisfied, released or discharged, is based on an earlier judgment that has been vacated or discharged, or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b).

9

successive petitions set forth in 28 U.S.C. §§ 2244 and 2255. Those statutes provide that a claim presented in a second or successive habeas petition, or a claim that could have been presented but was not, must be dismissed unless a petitioner obtains permission from the court of appeals to file a subsequent petition.

The Fourth Circuit described the relationship between Rule 60(b) and § 2255 in United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015):

> Rule 60(b) applies to § 2255 proceedings, but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2255 Cases, Rule 12, 28 U.S.C. foll. § 2255. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. Gonzalez [v. Crosby, 545 U.S. 524, 531-32 (2005)]. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

While there is no infallible test for distinguishing a proper Rule 60(b) motion from a successive application, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a motion to reconsider." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) abrogated in part on other grounds by McRae, 793 F.3d at 392. "Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id. If a district court determines that a Rule 60(b) motion is tantamount to a successive application, the court must either dismiss the motion for lack of jurisdiction or

10

transfer it to the court of appeals for review under § 28 U.S.C. § 2244(b)(3). Id. Otherwise, the court may review the motion on its merits. Id.

Patel argues that the district court erred when it construed his August 2, 2019 motion, ECF No. 923, as a second or successive motion, because he was not attacking the court's resolution of his claim on the merits but was asserting that the court erred when it dismissed his initial § 2255 as untimely. See Gonzalez, 545 U.S. at 535-36 (finding challenge to district court's ruling on habeas statute of limitations is not the equivalent of a successive petition). However, Patel did not argue that the court's assessment of the timeliness of his initial §2255 was incorrect. In fact, he did not address the court's assessment of timeliness at all. Rather, he asserted, for the first time in post-conviction proceedings, that he was actually innocent of the underlying claims. He then cited McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), for its holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[4] and House,[5] or, as in this case, expiration of the statute of limitations."

Patel is correct that if proved, a claim of actual innocence may excuse a petitioner from failing to comply with the statute of limitations and may excuse a second or successive bar. However, Patel has not proved his claim of actual innocence. He has merely asserted it and as explained above and in this court's prior opinions, this court does not have jurisdiction to consider the actual innocence claim because Patel did not bring it in his first § 2255 petition.

---

[4] Schlup v. Delo, 513 U.S. 298 (1995).
[5] House v. Bell, 547 U.S. 518 (2006).

11

Had Patel brought his actual innocence claim in the first § 2255 petition he filed on March 20, 2017 this court could have considered it at that time. But Patel did not raise the claim in his first § 2255 motion and this court cannot consider it absent certification by the Fourth Circuit Court of Appeals. If Patel wants his actual innocence claim considered by this court, he must seek certification by the Fourth Circuit Court of Appeals.

### IV. Conclusion

Based on the foregoing, Patel's motion to reconsider the order denying his petition for coram nobis relief, ECF No. 955, is **DENIED**. Also, his motion for relief pursuant to Rule 60(b), ECF No. 956, is **DENIED**. An appropriate order will be entered.

It is so **ORDERED**.

Entered: 12/10/2021

Michael F. Urbanski
Chief United States District Judge